1    THOMAS R. BURKE (State Bar No. 141930)
     DAVIS WRIGHT TREMAINE LLP
2    50 California Street, 23rd Fl.
     San Francisco, California  94111
3    Telephone:     (415) 276-6500
     Facsimile:      (415) 276-6599
4    Email:  thomasburke@dwt.com

5    Attorneys for Plaintiff
     IMMIGRANT LEGAL RESOURCE CENTER
6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11   IMMIGRANT LEGAL RESOURCE CENTER,        Case No. 3:25-cv-04827

12                      Plaintiff,            **COMPLAINT FOR DECLARATORY AND
                                              INJUNCTIVE RELIEF FOR VIOLATION
13            v.                              OF THE FREEDOM OF INFORMATION
                                              ACT, 5 U.S.C. § 552 et seq.**
14   UNITED STATES CITIZENSHIP AND
     IMMIGRATION SERVICES; DEPARTMENT
15   OF HOMELAND SECURITY,

16                      Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

Plaintiff Immigrant Legal Resource Center ("ILRC" or "Plaintiff"), by its undersigned attorneys, alleges as follows:

## INTRODUCTION

1.     United States Citizenship and Immigration Services ("USCIS") implements the Deferred Action Program for Special Immigrant Juvenile Status ("SIJS") Recipients.  The SIJS Deferred Action Program went into effect on May 6, 2022. The program affords Deferred Action to certain children granted SIJS who were waiting for a visa to become available in order to be able to apply to adjust their status to lawful permanent residence.[1]  SIJS provides a pathway to a green card for young people who have been "abandoned, abused, or neglected" by a parent.[2] USCIS states that the program will "further congressional intent to provide humanitarian protection for abused, neglected, or abandoned noncitizen children for whom a juvenile court has determined that it is in their best interest to remain in the United States."[3]

2.     On June 6, 2025, USCIS issued a policy alert terminating deferred action for SIJS.[4]

3.     USCIS incorporated the SIJS Deferred Action Program into its Policy Manual provision on SIJS.[5]  The Policy Manual states that USCIS adjudicates deferred action on a case by case basis. The Policy Manual also says that USCIS can terminate SIJS as a matter of discretion. However, the Policy Manual provides practitioners with no information about the policies, guidance, training, or directives USCIS adjudicators follow when they make an SIJS Deferred Action adjudication.  Plaintiff ILRC would like to know the policies, guidance, or procedures that adjudicators are instructed to follow, to share with practitioners who represent SIJS youth to ensure that the record before USCIS contains the relevant information. Plaintiff ILRC would also like to know whether the SIJS Deferred Action program has been terminated, to share this information with practitioners who represent SIJS youth to ensure they have complete information

---

[1] USCIS Policy Alert, PA-2022-10, Special Immigrant Juvenile Classification and Deferred Action (Mar. 7, 2022), https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20220307-SIJAndDeferredAction.pdf.
[2] 8 U.S.C. § 1101(a)(27)(J); 8 U.S.C. § 1255(h).
[3] USCIS Policy Alert, at 1.
[4] USCIS Policy Alert, PA-2025-07, Special Immigrant Juvenile Classification and Deferred Action (June 6, 2025), https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20250606-SIJDeferredAction.pdf.
[5] USCIS Policy Alert.

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:20-cv-2587

DAVIS WRIGHT TREMAINE LLP

about the legal options available to youth pursuing lawful immigration status through SIJS.

4.    ILRC brings this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*., as amended ("FOIA"), to enjoin USCIS from continuing to improperly withhold agency records that are responsive to the FOIA request ILRC sent on April 15, 2025 (the "FOIA Request').  This FOIA action is necessary because Defendants continue to withhold responsive records since ILRC first made the FOIA Request over a month ago, which amounts to a constructive denial of the FOIA Request.

5.    The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties."  *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant objective" of FOIA.  *Dept't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted).  ILRC plays a critical role in providing information to citizens about "what their government is up to."

6.    Through its FOIA Request, ILRC seeks to shine a public light on the federal government's policies and practices with respect to the treatment of SIJS youth.  The number of young people with SIJS who are awaiting a visa and thus eligibility for Deferred Action is significant[6], and the requested records would shed light on a significant U.S. government operation. As of December 2024, 70,859 SIJS petitions were approved by USCIS, making those young people eligible for consideration under the USCIS SIJS Deferred Action Program.[7]  In addition, there have been numerous articles published regarding immigrant children and youth[8],

---

[6] See USCIS, Total of 22,575 I-360 Petitions pending as of Dec. 31, 2024,
https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fwww.uscis.gov%2Fsites%2Fdefault%2Ffiles%2Fdocument%2Fdata%2Fi360_sij_congressional_fy2025_q1.xlsx&wdOrigin=BROWSELINK.
[7] USCIS, Number of I-360 Petitions for Special Immigrant with a Classification of Special Immigrant Juvenile (SIJ), by Fiscal Year, Quarter, and Case Status, Fiscal Years 2010-2025, available at
https://view.officeapps.live.com/op/view.aspx?src=https%3A%2F%2Fwww.uscis.gov%2Fsites%2Fdefault%2Ffiles%2Fdocument%2Fdata%2Fi360_sij_performancedata_fy2025_q1.xlsx&wdOrigin=BROWSELINK.
[8] *See* Marisa Taylor et al., *Trump Officials Launch ICE Effort to Deport Unaccompanied Migrant Children*, Reuters, Feb. 23, 2025, Trump officials launch ICE effort to deport unaccompanied migrant children | Reuters; Daniella Silva, *Trump Administration Rescinds Order to Halt Legal*

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:25-cv-04827

DAVIS WRIGHT TREMAINE LLP

demonstrating that the requested information concerns a matter of exigent urgency to the American public.

## PARTIES

7.    Plaintiff Immigrant Legal Resource Center works with immigrants, community organizations, legal professionals, law enforcement, child welfare professionals,  policy makers, and others to build a democratic society that values diversity and the rights of all people. Through community education programs, legal training and technical assistance, and policy development and advocacy, the ILRC works to protect and defend the rights of immigrant families and the communities in which they live. The ILRC also provides technical assistance to immigration practitioners on many aspects of immigration law. One of its areas of focus is immigrant children and youth, and to that end they have expertise on the immigration system for children, including the detention system, options for immigration relief for children and youth in the United States, the framework for removal proceedings brought against children and youth, and intersectional areas of the law including children's educational rights and the unique needs of immigrant children in the child welfare and youth justice systems. They publish the only comprehensive national manual on SIJS and other immigration options for children and youth, which they are currently updating.[9]  In addition, the ILRC publishes publicly available practice advisories and other written resources for legal advocates and community members focused on SIJS and other immigration options for children. They also provide individualized technical assistance to immigration and juvenile justice practitioners in individual children's immigration cases. They intend to use the results of this FOIA Request to update their manual and other written resources on SIJS, and to improve the technical assistance that they provide in individual cases. The ILRC is a non-profit public interest organization under Internal Revenue Code Section 501(c)(3).

*Aid for Unaccompanied Migrant Children*, NBC News, Feb. 21, 2025, https://www.nbcnews.com/news/latino/trump-administration-legal-aid-unaccompanied-migrant-children-rcna193230; and Jeff Nesbit, *These 300,000 Kids Aren't Lost, Mr. President*, Washington Post, Feb. 13, 2025, https://www.washingtonpost.com/opinions/2025/02/13/trump-unaccompanied-migrant-children/.
[9] ILRC, Special Immigrant Juvenile Status and Other Immigration Options for Children and Youth (2021), https://store.ilrc.org/publications/special-immigrant-juvenile-status-0.

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:25-cv-04827

8.      Defendant U.S. Citizenship and Immigration Services is the federal agency that oversees lawful immigration to the United States. USCIS is a component of the Department of Homeland Security, an Executive branch department of the Federal government.  Defendants are each an "agency" within the meaning of 5 U.S.C. § 552(f).  Plaintiff is informed and believes that USCIS has possession and control of the records sought by the FOIA Request.

## JURISDICTION

9.      This Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

## VENUE

10.      Venue in the Northern District of California is proper under 5 U.S.C. § 552(a)(4)(B) as ILRC has an office in San Francisco County and this FOIA Request to USCIS occurred in the County of San Francisco.  For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

11.      Assignment to the San Francisco Division is proper under Civil Local Rule 3-2(c) and (d) because ILRC's work and its FOIA Request to USCIS occurred in the County of San Francisco, within this District.

## FACTS

12.      On April 15, 2025, ILRC sent a Freedom of Information Request ("FOIA Request") to the U.S. Citizenship and Immigration Services, requesting records regarding USCIS policies, procedures and guidance implementing the Deferred Action Program for SIJS recipients, specifically:

> "all records comprising USCIS's policies, procedures, and guidance governing adjudications pursuant to the SIJS Deferred Action Program, including but not limited to:
> - Any memo or other document from the Secretary of the Department of Homeland Security (DHS), Director of USCIS, or other DHS leadership creating the SIJS Deferred Action Program;
> - Any USCIS Standard Operating Procedure related to the SIJS Deferred Action Program;

- Any policy, guidance, manual, training, directive, or other communication implementing the SIJS Deferred Action Program;
- The portion of the USCIS CHAP (Consolidated Handbook of Adjudication Procedures) concerning the SIJS Deferred Action Program;
- Any memo or other document from the Secretary of DHS, Director of USCIS, or other DHS leadership terminating the SIJS Deferred Action Program; and
- Any USCIS policy, guidance, manual, training, directive or other communication terminating the SIJS Deferred Action Program."

13.     ILRC asked USCIS for a waiver of fees because the information sought concerned government operations and activities, and was in the public interest.  ILRC also requested expedited processing of the FOIA Request. Attached as **Exhibit A** is a true and correct copy of the FOIA Request.

14.     On May 1, 2025, USCIS acknowledged the FOIA Request and assigned it number COW2025002736.  On the eve of filing this action, Plaintiff again reached out to USCIS and inquired about the status of its FOIA request.  Plaintiff was informed that its request is currently number 131 out of 197 pending FOIA requests.  USCIS provided no further information as to when – in the coming months or years – Plaintiff's FOIA request would be processed.

15.     To date, ILRC has not received any records from USCIS.

16.     ILRC is informed and believes that USCIS possesses the responsive documents, yet they have failed to produce any documents. USCIS's inability to provide timely access to these public records constructively denies Plaintiff's right of access under FOIA and leaves Plaintiff with no choice but to file this FOIA action.

## FIRST CAUSE OF ACTION

### (Violation of FOIA)

17.     Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

18.     Plaintiff's FOIA Request seeks "agency" records within the Defendants' custody and control.

DAVIS WRIGHT TREMAINE LLP

19.    Defendants failed to produce any responsive records to Plaintiff's FOIA Request. Plaintiff has a legal right under FOIA to obtain the agency records it requested in its FOIA request, and there exists no "exceptional circumstances" or legal basis for Defendants' failure to respond to Plaintiff's FOIA Request and to make these records available.

20.    Defendants' failure to make promptly available the records sought by Plaintiff's FOIA Request violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated thereunder.

21.    Plaintiff is entitled to declaratory relief finding that Defendants have violated FOIA and is immediately entitled to receive all records responsive to its request.

22.    Plaintiff is further entitled to injunctive relief, ordering Defendants to immediately produce copies of all records responsive to Plaintiff's FOIA Request without further delay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court award it the following relief:

A.    Declare that Defendants violated FOIA in their response to Plaintiff's FOIA Request;

B.    Order Defendants to immediately disclose the requested records to Plaintiff and enter an injunction prohibiting Defendants from continuing to withhold the requested records;

C.    Order Defendants to immediately disclose any responsive records in their possession or control to Plaintiff;

D.    Award Plaintiff its reasonable costs and attorney's fees;

E.    Grant such further relief as the Court may deem just and proper.


Dated:  June 6, 2025

Respectfully submitted,
DAVIS WRIGHT TREMAINE LLP


By:   /s/ Thomas R. Burke
         THOMAS R. BURKE

Attorneys for Plaintiff
IMMIGRANT LEGAL RESOURCE CENTER

DAVIS WRIGHT TREMAINE LLP

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:25-cv-04827